IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GERALD D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 06-CV-3201 |
| | ) | |
| AUSTIN RANDOLPH, Warden, | ) | |
| Illinois River Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION**

RICHARD MILLS, U.S. District Judge:

Petitioner Gerald Smith ("Smith") brought this habeas action under 28 U.S.C. § 2254. The state responded by filing a motion for summary judgment[1] asserting that the petition was untimely under 28 U.S.C. § 2244(d). For the reasons stated below, the motion is granted.

## **FACTS**

In 1986, Smith was convicted by a jury of attempted murder, aggravated criminal sexual assault, aggravated kidnapping, and aggravated

---

[1]The motion was made under Federal Rule of Civil Procedure 56(b) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

battery. *People v. Smith*, 154 Ill. App. 3d 837, 507 N.E.2d 543, 545 (1987). He was sentenced to 60 years for the attempted murder, 60 years for the aggravated criminal sexual assault, and 30 years for the aggravated kidnapping. The appellate court affirmed the convictions on April 30, 1987. *Id.* at 552. Petitioner filed a petition for leave to appeal in the Illinois Supreme Court on June 26, 1987, and it was denied on October 7, 1987. *People v. Smith*, 116 Ill.2d 572, 515 N.E.2d 122.

Over a decade later, on October 22, 1997, Smith filed a motion seeking leave to file a post-conviction petition with a state trial court. The motion was denied as untimely. On April 21, 1999, the appellate court affirmed, *People v. Smith*, 303 Ill. App. 3d 1120, 747 N.E.2d 1116 (unpublished), and the Illinois Supreme Court denied a petition for leave to appeal on October 6, 1999, *People v. Smith*, 185 Ill.2d 658, 720 N.E.2d 1103.

On April 8, 2001, Smith filed a petition for post-conviction relief in the state trial court. Relief was denied on the merits on May 11, 2001. *People v. Smith*, No. 85-CF-327 (Sangamon Circuit Ct.). On July 29, 2003,

the appellate court affirmed. *People v. Smith*, No. 4-01-0910 (Ill. App. Ct.). On October 7, 2003, the Illinois Supreme Court denied Smith's petition for leave to appeal. *People v. Smith*, 205 Ill.2d 633, 803 N.E.2d 497. Smith filed a petition for writ of certiorari, which the United States Supreme Court denied on March 1, 2004. *Smith v. Illinois*, 540 U.S. 1225.

On July 19, 2005, Smith filed a motion seeking leave to file a petition for habeas relief in the Illinois Supreme Court. The petition was denied on September 16, 2005. *Smith v. Birkey*, No. 11521 (Ill.).

Finally, on August 22, 2006, approximately two decades after his original conviction, Smith filed this petition for a writ of habeas corpus.

## ANALYSIS

A.   **AEDPA Issues**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, established new rules governing the timeliness of habeas petitions. Under § 2244(d)(1), a petitioner in custody pursuant to a state judgment is required to file an application for a writ of habeas corpus within a one-year period. In order

to decide whether this year expired before Smith filed his petition, this Court must determine (1) when the limitations period began to run and (2) whether that period should be tolled.

### B.  Commencement of the Limitations Period

The one-year limitations period for habeas actions begins to run on one of four possible dates, as determined under § 2244(d)(1)(A)-(D). While Smith appears to contend that § 2244(d)(1)(B) provides the relevant date, the government claims that § 2244(d)(1)(A) governs.

#### 1.  Date of Impediment Removal - § 2244(d)(1)(B)

Under § 2244(d)(1)(B), the one-year limitations period on habeas suits begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Smith's arguments suggest that he believes this rule should apply. Smith claims a change in Illinois law, reducing the limitations period for state post-conviction hearings to 3 years and failing to provide a 3-year grace period for persons with convictions pre-dating the

enactment of the rule, constitutes such an impediment.

Even assuming that the Illinois law was illegal or unconstitutional, Smith's claims cannot succeed. First, the alleged impediment has never been lifted, so it is unclear how § 2244(d)(1)(B) would even apply. Second, in order for a state action to constitute an "impediment," it "must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) Since the alleged impediment imposed by state law remains in place, Smith's very filing shows he was not "prevented" from seeking federal habeas relief. Rather, this case is closely analogous to *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2007). In *Powell*, the appellate court refused to find an impediment where a petitioner had failed to file a federal habeas petition during a lengthy stay in a state post-conviction proceeding. *Id.* The court reasoned that the petitioner could have filed a protective petition in federal court at any time, and therefore the state proceedings posed no real impediment. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). Smith, too, could have filed such a petition at any time between April 24, 1996, and April 24,

5

1997, if he was concerned about how his pursuit of state remedies affected his right to federal habeas relief.[2] Whether his failure to file stemmed from choice or a misapprehension of the law, it certainly did not derive from any bar imposed by state action. Therefore, since nothing actually prevented Smith from filing a federal habeas petition, § 2244(d)(1)(B) is inapplicable.

### 2. Date of Final Judgment on Direct Review - § 2244(d)(1)(A)

Since § 2244(d)(1)(B) does not apply, and because nothing suggests that either § 2244(d)(1)(C) or (D) are relevant, the limitations period in this case began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Smith was originally convicted in 1986, lost his appeal in 1987, and was denied his petition for leave to appeal by the Illinois Supreme Court on October 7, 1987. He did not seek certiorari from the United States Supreme Court, and the time period to do so

---

[2]Smith could have filed a protective petition if he planned to seek state relief. Since his state remedies were time-barred, Smith could also have attempted to present his claims to a federal court. Although he would have faced significant barriers to relief on such procedurally defaulted claims, *see Anderson v. Benik*, 417 F.3d 811, 815 (7th Cir. 2006), he certainly was not prevented from filing a petition seeking such relief.

expired 90 days later. Thus, on January 6, 1988, Smith's conviction became final under § 2244(d)(1)(A). *See Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006). Nevertheless, a one-year grace period exists for prisoners like Smith whose convictions became final prior to the AEDPA's enactment on April 24, 1996. *Allen v. Siebert*, 552 U.S. __, No. 06-1680, 2007 WL 3238767, *1 (Nov. 5, 2007). Under this rule, the limitations period expired prior to April 25, 1997. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Since Smith's state post-conviction petition was not filed until October 22, 1997, his claim is time-barred unless the limitations period was tolled.

    C.    **Tolling**

Tolling can occur in two situations: (1) during the pendency of a "properly filed application for State post-conviction and other collateral review. . ." pursuant to § 2244(d)(2), or (2) in exceptional cases where the Court grants equitable tolling. Neither ground applies on these facts.

First, the tolling rule of § 2244(d)(2) does not help Smith because he had no state proceedings pending between April 24, 1996, and April 24,

1997. Although he later filed an October 22, 1997 motion, this did not occur until after the expiration of the limitations period when nothing remained to be tolled. *See Sargent v. Kingston*, No. 05-C-0132, 2006 WL 2350169, *3 (E.D. Wis. Aug. 11, 2006).

Nevertheless, Smith appears to ask this Court to disregard § 2244(d) in his case and apply the doctrine of equitable tolling. Since § 2244(d)(1) is not jurisdictional in nature, equitable tolling is available to some degree. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is rarely granted," *Lo v. Endicott* __ F.3d __, 2007 WL 3120099, *3 (7th Cir. Oct. 26, 2007) (citing *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)), and is available only "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Id.* (citing *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)). Smith claims two such "extraordinary circumstances" support equitable tolling in his case.

First, he strenuously argues that the state courts erred by finding that his October 22, 1997 claim was time-barred under Illinois law. This argument has no merit. Even if the allegedly unconstitutional ruling on his

October 1997 motion were somehow sufficient to invoke equitable relief, tolling would still be impossible since the limitations period had already expired months beforehand. *See Sargent*, 2006 WL 2350169, *3.

Second, Smith claims he is entitled to tolling because of the aforementioned change in Illinois law regarding the state post-conviction limitations period. Specifically, Smith argues that he believed that he had to pursue his time-barred state remedies before filing a petition in federal court. As discussed above, however, Smith could have filed a federal petition.[3] Thus, Smith was laboring under an incorrect view of the governing law. Such errors do not constitute permissible grounds for equitable tolling. *See, e.g., United States ex rel. Ford v. Page*, 132 F. Supp. 2d 1112, 1115 (N.D. Ill. Apr. 26, 2007) (collecting cases and noting that "[a] run-of-the-mill claim of ignorance of the law is not sufficient to warrant equitable tolling of a limitations period"). Further, even if Smith's misunderstanding of law were sufficient, equitable relief is only available to the diligent. Since Smith waited nearly two decades to seek relief in this

---

[3] Again, Smith could have foregone the time-barred state procedures and sought habeas relief from a federal court on his procedurally defaulted claims.

court, the title of "diligent" would be exceedingly inapt. Thus, the limitations period will not be equitably tolled.

## CONCLUSION

For the reasons stated above, Smith's petition for a writ of habeas corpus is untimely. Respondent's motion for summary judgment [d/e 8] is granted.

Ergo, Smith's Petition for a Writ of Habeas Corpus is dismissed with prejudice.

IT IS SO ORDERED

ENTERED:     November 7, 2007

FOR THE COURT:                              /s Richard Mills
                                            United States District Judge